An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

GREGORY DAVID GORSUCH,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62351

**FILED**

JUN 2 4 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of possession of a controlled substance. First Judicial District Court, Carson City; James Todd Russell, Judge.

Appellant Gregory Gorsuch was on probation for misdemeanor possession of a controlled substance. A condition of his probation imposed by the justice court was that he submit to searches and seizures for illegal drugs, drug paraphernalia and medications. Gorsuch violated the terms of his probation but was reinstated on probation with the modified condition that he submit to searches and seizures with or without cause. After Gorsuch again violated the terms of his probation, the justice court reinstated him with an additional condition for "daily drug testing with DAS [Department of Alternate Sentencing] or as required."

Gorsuch went to check in with his probation office at the beginning of one month and was required to submit to a urine drug test, which came back positive for methamphetamine. Gorsuch was arrested and searched, and methamphetamine was found on his person. He was

SUPREME COURT
OF
NEVAOA

(O) 1947A

14-20759

charged with felony possession, and moved to suppress the methamphetamine, which the district court denied. Gorsuch then pleaded guilty while maintaining the right to appellate review of the denial of his suppression motion, the subject of the instant appeal.

In reviewing a district court decision on a motion to suppress, we review the district court's factual findings for clear error and the legal consequences of those facts, including the constitutionality of a search or seizure, de novo. *State v. Lloyd*, 129 Nev. ___, ___, 312 P.3d 467, 469 (2013); *State v. Beckman*, 129 Nev. ___, ___, 305 P.3d 912, 916 (2013). Gorsuch asserts two reasons why the motion to suppress should have been granted.

Gorsuch first argues that the justice court did not have the authority to order searches without any cause as a condition of his misdemeanor suspended sentence. The court need not reach this issue, however, because the justice court had authority to order, as a condition of Gorsuch's probation based on a suspended sentence, that he "[s]ubmit to periodic tests to determine whether the offender is using a controlled substance or consuming alcohol." NRS 4.373(1)(h). Therefore, the justice court had authority to order Gorsuch to submit to periodic drug testing with DAS.

Second, Gorsuch argues that, regardless of his probation conditions, the drug test was unreasonable. This court considers the overall reasonableness of a probationer search to determine whether it complies with the probationer's rights. *Seim v. State*, 95 Nev. 89, 94-95, 590 P.2d 1152, 1155-56 (1979); *see also United States v. Knights*, 534 U.S. 112, 118 (2001) (looking to the totality of the circumstances to determine whether a search is reasonable). And, a warrantless search of a

probationer may be reasonable if based on reasonable grounds and conducted pursuant to a reasonable probation condition. *Seim*, 95 Nev. at 94-95, 590 P.2d at 1155-56.

Here, Gorsuch's underlying conviction was for drug possession, and he had previously violated his probation conditions twice by using methamphetamine before he was subjected to the at-issue drug test. Gorsuch's previous and known drug use resulting in probation violations gave DAS reasonable grounds to test Gorsuch. Furthermore, the condition here was reasonable and tailored to Gorsuch's underlying offense and subsequent behavior. The lower court ordered the periodic drug testing condition only after Gorsuch's second drug-related probation violation. And this condition furthered a legitimate underlying purpose of probation. *See People v. Balestra*, 90 Cal. Rptr. 2d 77, 83-84 (Ct. App. 1999) (concluding that drug testing at the probation officer's discretion was a valid condition of probation because it was intended "to aid the probation officer in ensuring the probationer is complying with the fundamental probation condition, to obey all laws"); *Smith v. State*, 298 S.E.2d 482, 483 (Ga. 1983) ("The requirement that a probationer, upon request, produce body fluid for analysis is reasonable as an aid in determining compliance with the prohibition upon the use of controlled substances.").

In other words, as the district court held, "the condition was imposed because of the underlying crime and subsequent violations," and "the crime coupled with those violations are what gave rise to the officers' reasonable suspicions in the instant case." Thus, the warrantless drug

test here was reasonable, and the district court did not err in denying the motion to suppress. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc:  Hon. James Todd Russell, District Judge
     State Public Defender/Carson City
     Attorney General/Carson City
     Carson City District Attorney
     Carson City Clerk